# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| DUANE RONALD BELANUS,<br><br>Plaintiff,<br><br>vs.<br><br>PHIL CLARK, RAYMOND POTTER, CORY OLSON, LARRY PLATTS, ALLEN HUGHES, PAT HURLEY, LEO DUTTON, LEO GALLAGHER, and MELISSA BROCH,<br><br>Defendants. | Cause No. CV 12-00051-H-DLC-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

## I. SYNOPSIS

Mr. Belanus cannot recover against these Defendants for the alleged illegal search and seizure. He has been convicted. The conviction has not been overturned. Despite a detailed filing of over 100 pages, Mr. Belanus failed to clearly specify whether he asserts his conviction is invalid. If he is claiming the conviction is invalid, his claim is <u>Heck</u>-barred. If not, it is barred by the statute of limitations because Mr. Belanus waited more than three years to sue though he knew of the search immediately. The County Attorney and Deputy County Attorney are immune from suit. The Complaint should be dismissed.

1

## II. STATEMENT OF CASE

### A. Jurisdiction and Venue

The Court has personal jurisdiction over the named parties. This action presents a controversy over whether Defendants, acting under color of state law, violated Mr. Belanus's federal constitutional rights thereby subjecting Defendants to liability under 42 U.S.C. § 1983. The Court has federal question jurisdiction of some claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a), and 42 U.S.C. § 1983. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391 and Local Rule 3.2(b)(3).

This proceeding was referred to this Court pursuant to Local Rule 72.2(a) and 28 U.S.C. § 636(b)(1).

### B. Parties

Mr. Belanus is a state prisoner incarcerated at Crossroads Correctional Center in Shelby, Montana. He has paid the filing fee but is not represented by counsel. The named defendants are Phil Clark, Raymond Potter, Cory Olson, Larry Platts, Allen Hughes, Pat Hurley, and Leo Dutton, all alleged to be officers with the Lewis and Clark County Sheriff's Department. The Complaint names Leo Gallagher and Melissa Broch: Mr. Gallagher was Lewis and Clark County Attorney and Ms. Broch was Lewis and Clark County Deputy County Attorney

during the times of this suit.

**C.   Factual Background**

Mr. Belanus' Complaint seeks to recover damages for conduct he alleges occurred during alleged illegal searches in early August 2008 before the trial leading to his current lifelong incarceration. On August 3, 2008, Mr. Belanus was arrested and charged with aggravated kidnapping, rape, inflicting bodily injury during a rape, tampering with evidence of the rape, burglary, and theft. State v. Belanus, 2010 MT 204, 357 Mont. 463, 240 P.3d 1021 (2010). He was tried in June 2009. He was sentenced to life without the possibility of parole on August 13, 2009. Mr. Belanus appealed his conviction to the Montana Supreme Court. The conviction was affirmed on September 21, 2010. Id.

**D.  Allegations**

Mr. Belanus alleges his rights under the Montana Constitution and the Fourth Amendment of the United States Constitution were violated when the Defendant officers entered and searched his home, his storage shed, and his property at work. These searches occurred allegedly between August 3 and August 12, 2008. He contends Defendants first conducted illegal searches and seizures and only later procured warrants after the searches and seizures had occurred. C.D. 1, p. 8. Mr. Belanus alleges that he was damaged by the searches.

Mr. Belanus asserts the illegally obtained evidence was knowingly used against him in these court proceedings. He does not specifically allege that evidence obtained in the search caused or contributed to his conviction, apparently because at trial and on conviction he admitted the assault but asserted that it was consensual or the result of his own intoxication. State v. Belanus, 2010 MT 204, ¶¶ 3, 4. Thus Mr. Belanus does not allege that he was convicted because of that evidence and does not allege that his conviction should be set aside. Instead his Complaint apparently only seeks any nominal damages caused by the searches themselves, not the imprisonment due to his conviction. Although Mr. Belanus himself saw at least one such search taking place, C.D. 1, p. 15, he does not appear to have asserted any error due to the searches on appeal. State v. Belanus, 210 MT 204.

### III. 28 U.S.C. §§ 1915, 1915A REVIEW

#### A. Standard

Mr. Belanus is a prisoner filing claims against governmental officers so his Complaint must be screened under 28 U.S.C. § 1915A. Section 1915A(b) requires the court to dismiss pro se prisoner complaints without service upon the defendants if the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such

4

relief.  Mr. Belanus's Complaint meets all those tests.  It should be dismissed.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citation omitted); Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").  We have applied that standard.

The statute does not deprive the district court of its discretion to dismiss with leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).  The court declines to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts."  Lopez, 203 F.3d. at 1127 (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).  Leave to amend

5

is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)). Here amendment would be futile.

**B. Analysis**

Mr. Belanus's claims are barred entirely either by the doctrine set forth in Heck v. Humphrey or by the applicable statute of limitations. His claims are barred partially by immunity. The Complaint should be dismissed.

Mr. Belanus seeks a judgment that the searches and seizures of his property violated his Fourth Amendment Constitutional rights. In Heck v. Humphrey, the United States Supreme Court held that

> when a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

Heck, 512 U.S. 477, 487 (1994).

Mr. Belanus may be asserting that the evidence collected during the searches and seizures of his property caused his conviction. That assertion therefore

necessarily attacks the validity of his conviction. Those claims are barred.

Even if Mr. Belanus is asserting that his conviction is valid so he is appropriately confined but still seeks damages for the harm of illegal searches, the complaint is still fatally flawed. If a determination on the legality of the searches at issue does not imply the invalidity of Mr. Belanus's criminal conviction, then the claims may not be barred by the Heck doctrine.

Heck states as follows:

> For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery ... and especially harmless error ... such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful.

Heck, 512 at 487, n. 7. In that case an even more fundamental principle defeats Mr. Belanus's claim. The statute of limitations then requires dismissal.

The United States Supreme Court in Wilson v. Garcia, 471 U.S. 261 (1985), settled that the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions. In Montana, that period is three years after the action accrues. Mont. Code. Ann. § 27-2-204(1). The statute of limitations runs from the date the claim accrued. Federal law determines when a cause of action accrues and the statute of

limitations begins to run for a section 1983 claim. Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991). Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir. 1996).

If Mr. Belanus's claims are not Heck barred, the searches and seizures at issue occurred between August 3 and August 12 of 2008. C.D. 1, p. 9-10. Mr. Belanus admits he saw at least one of them as it occurred. C.D. 1, p. 15. Mr. Belanus filed this matter on June 5, 2012. Therefore the Montana statute of limitations in § 27-2-204(1) bars his action under 42 U.S.C. § 1983.

There is a further fatal defect. Defendants Gallagher and Broch are entitled to prosecutorial immunity for acts taken in association with Mr. Belanus's prosecution. Kalina v. Fletcher, 522 U.S. 118, 123-24 (1997).

**C. State Law Claims**

To the extent Mr. Belanus intends to pursue a state law claim under the Montana Constitution (and if such a claim was not barred by the applicable statute of limitations), the Court should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3)(district court may decline supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction"). Montana provides a cause of action for damages for violation of state constitutional

provisions protecting the right to privacy and against unreasonable search and seizure. Dorwart v. Caraway, 312 Mont. 1, 58 P.3d 128 (1992). Principles of comity firmly support declining supplemental jurisdiction here, assuming the Court could take jurisdiction of those claims under Montana's limited sovereign immunity waiver. 28 U.S.C. § 1367(a); Mont. Code Ann. § 2-9-101, et seq.; U.S. Const. amend. XI; Quern v. Jordan, 440 U.S. 332, 342 (1979).

## IV. CONCLUSION

As set forth above, Mr. Belanus's claims fail to state a federal claim upon which relief may be granted. These are not defects which could be cured by amendment. Accordingly, the Complaint should be dismissed with prejudice.

### A. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The question of whether a complaint dismissed pursuant to Heck, 512 U.S. 477 constitutes a strike has not been addressed by the Ninth Circuit. Andrews v. Cervantes, 493 F.3d 1047, 1052, n. 2 (9th Cir. 2007). However, the Supreme Court in Heck stated its ruling was based on a denial of "the existence of a cause of action." Heck, 512 U.S. at 489. Additionally, several

9

other courts have held that Heck dismissals constitute dismissals for failure to state a claim. See e.g., Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in Heck is legally frivolous."); Schafer v. Moore, 46 F.3d 43, 45 (8th Cir.1995) ("[I]n light of Heck, the complaint was properly dismissed for failure to state a claim."); Ransom v. Westphal, et al., 1:08-CV-01327-DMS-AJB (E.D. Cal. April 4, 2010); Romero v. United States, et al., No. CV 11–531–PHX–DGC 2011 U.S. Dist. WL 1261293 (D.Ariz., Apr. 5, 2011). Accordingly, a dismissal pursuant to Heck counts as a strike under 28 U.S.C. § 1915(g).

In addition, Mr. Belanus's claims are barred by the statute of limitations and by prosecutorial immunity. These are dismissals for failure to state a claim. Jones v. Bock, 549 U.S. 199 (2007) (failure to file within the applicable statute of limitations constitutes a failure to state a claim upon which relief may be granted). This matter should constitute a strike under 28 U.S.C. § 1915(g).

**B. Address Change**

At all times during the pendency of this action, Mr. Belanus SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and

its effective date, except if Mr. Belanus has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

**IT IS RECOMMENDED:**

1. Mr. Belanus's Complaint should be dismissed with prejudice. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Mr. Belanus's failure to state a claim and naming defendants he knows are entitled to immunity.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Belanus may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Belanus files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Mr. Belanus from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal. This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 22nd day of June, 2012.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge