IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

FILED

OCT 2 6 2012

Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| DUANE RONALD BELANUS, | ) CV 12-00051-H-DLC |
| Plaintiff, | ) ORDER |
| vs. | ) |
| PHIL CLARK, RAYMOND POTTER, CORY OLSON, LARRY PLATTS, ALLEN HUGHES, PAT HURLEY, LEO DUTTON, LEO GALLAGHER, and MELISSA BROCH, | ) |
| Defendants. | ) |

Plaintiff Duane Ronald Belanus filed a Complaint on June 5, 2012, alleging Defendants violated his rights under the Montana Constitution and the Fourth Amendment of the United States Constitution by searching his home, storage shed, and property at work without search warrants. (Doc. 1 at 8.) Belanus asserted that law enforcement officers and prosecutors used evidence obtained from these illegal searches against him in court proceedings. (*Id*. at 28.) He did not allege that he was convicted because of this evidence or that the conviction should be set aside. (Doc. 3 at 4.) Instead, he sought nominal damages. (*Id*. at 4.)

1

United States Magistrate Judge Keith Strong reviewed the complaint under 42 U.S.C. § 1915 and entered Findings and Recommendations on June 22, 2012. (Doc. 3.) Judge Strong recommended that Belanus's complaint be dismissed with prejudice and that this action count as a strike pursuant to 28 U.S.C. § 1915(g). (Doc. 3 at 9-10.) Contrary to Belanus's assertions, such review was appropriate. Belanus misreads 28 U.S.C. § 1915(g). Under the statute, "an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted" constitutes a strike, regardless of whether or not the prisoner paid the filing fee. 28 U.S.C. § 1915(g).

Belanus timely objected and is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). For the reasons stated below, this Court adopts Judge Strong's Findings and Recommendations in full. Because the parties are familiar with the procedural and factual background of this case, it will not be restated here.

Prosecutorial immunity, the *Heck* doctrine, and the statute of limitations bar Belanus's claims.

I.  Prosecutorial Immunity

Defendants Gallagher and Broch were involved as advocates in Belanus's case, not as investigators. Acts "undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997), citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Accordingly, prosecutorial immunity bars Belanus's claims against these defendants.

II.  *Heck* Doctrine

Pursuant to *Heck v. Humphrey*, "when a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. 477, 487 (1994). If it would imply the invalidity, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. 477, 487 (1994). To the extent Belanus's claims imply the invalidity of his confinement, they are barred by the *Heck* doctrine.

III.  Statute of Limitations

Belanus objects to Judge Strong's analysis of the accrual of his claim and the statute of limitations. Because § 1983 contains no statute of limitations, federal

3

courts apply the state statute of limitations governing personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). Montana's statute of limitations for personal injury actions is three years. Mont. Code Ann. § 27-2-204(1).

Pursuant to federal law, the statute of limitations begins to run when the plaintiff knows or *has reason to know* of the injury which is the basis of the action. *Bagley v. CMC Real Est. Corp.*, 923 F.2d 758, 760 (9th Cir. 1991); *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). Generally, a §1983 claim challenging a warrantless search and seizure accrues on the date of the search. *Matthews v. Macanas*, 990 F.2d 467, 469 (9th Cir. 1993), *abrogated on other grounds; Pearce v. Romeo*, C02–04011 RMW, 2007 WL 30596, *2 (N.D. Cal. Jan. 3, 2007) ("[I]t is well-settled that the statute of limitations for a section 1983 claim stemming from a warrantless search begins to run on the date of the search, not on the date the plaintiff learns that the search was constitutionally deficient."). In *Kuan v. U.S. Customs Service*, No. CV 08-1980-DDP (MAN), 2009 WL 6340016, the district court concluded that "even if the purported absence of a warrant for the ... search was unknown to plaintiff and her defense counsel during her trial, accrual of her claims based on the search was not delayed until she discovered that the search was warrantless." *5 (C.D. Cal. Dec. 16, 2009).

Belanus saw at least one search occur between August 3 and August 12 of 2008 (doc. 1 at 15), and he failed to request copies of the search warrants at that

4

time or during the prosecution of his case in August 2009. Thus, the claim accrued and the statute of limitations began to run in August 2008 when the searches occurred because that is when Belanus first knew or had reason to know of the injury. As in *Kuan*, accrual was not delayed until Belanus discovered the searches were warrantless.

The lawyer's failure to bring up the issue of the search warrants is irrelevant to the calculation of accrual and the statute of limitations because his actions are imputed to Belanus. *See Maples v. Thomas*, 132 S. Ct. 912, 922 (2012) ("[T]he attorney is the prisoner's agent, and under 'well-settled principles of agency law,' the principal bears the risk of negligent conduct on the part of his agent."), quoting *Coleman v. Thompson*, 501 S. Ct. 722, 753-754 (1991), *superseded by statute on other grounds,* 28 U.S.C. § 2254(b)(2). Unless the prisoner's constitutional right to counsel was violated or the lawyer abandoned the client, the prisoner bears the risk of attorney error. *Coleman*, 501 S. Ct. at 753-754; *Maples*, 132 S. Ct. at 923.

The statute of limitations bars Belanus's claims.

The dismissal of this action counts as a strike. Judge Strong properly concluded that a dismissal pursuant to *Heck* counts as a strike under 28 U.S.C. § 1915(g). Even if *Heck* does not apply, Belanus's claims are barred by the statute of limitations and his claims against Gallagher and Broch by prosecutorial

immunity, which constitute a dismissal for failure to state a claim. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

There is no clear error in Judge Strong's remaining analysis. Accordingly, IT IS HEREBY ORDERED:

1. Judge Strong's Findings and Recommendations (doc. 3) are adopted in full.

2. Belanus's Complaint (doc. 1) is dismissed with prejudice. The Clerk of Court is directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The docket shall reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) for failure to state a claim and naming defendants entitled to immunity.

4. Belanus's Motion to Proceed In Forma Pauperis (doc. 5) is denied as moot.

5. The docket shall reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

DATED this 26th day of October 2012.

*/s/ Dana L. Christensen*
Dana L. Christensen, District Judge
United States District Court